IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
BUQUERQUE NEW MEXICO

APR 18 2001

Robert M. March
CLERK

JAMES CONNELLI,

    Plaintiff,

vs.

                CIVIL NO. 01-361 M/WWD

OSCAR FRIETZE, Magistrate Judge,
and GARY BEENE,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING LIMITED WAIVER OF COSTS
## AND ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff, James Connelli ("Connelli"), recently submitted an application seeking the Court's order authorizing him to proceed with a lawsuit without the payment of costs of fees. Connelli v. Surrogates Court, CIV 01-233 MV/RLP. Connelli sought relief under the *in forma pauperis* statute, 28 U.S.C. § 1915, which authorizes a court to waive fees. The intent of the statute is to "guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

Based on Connelli's representations in his prior affidavit concerning his lack of income or assets, the Court concluded that he was indigent and authorized him to file his complaint without payment of a filing fee.

In this present lawsuit, Connelli neither sought *in forma pauperis* status, nor did he pay a

filing fee. However, to ensure that no actionable claims are lost through technical inadvertence, the United States District Court Clerk is authorized to accept and file a *pro se* party's pleadings pending the Court's determination as to whether the fees will be waived or whether a filing fee will be required. Thus, the Clerk of the Court accepted Connelli's present lawsuit for filing.

A court is authorized to take judicial notice of its own records. United States v. Estep, 760 F.2d 1060, 1063 (10th Cir. 1985); St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979). The Court will judicially notice Connelli's application for *in forma pauperis* status in the earlier case, CIV 01-233, and will find that Connelli is a pauper and is authorized a limited waiver of fees. Accordingly, the Court now authorizes the filing of the present complaint without payment of costs.

## *Sua Sponte* Analysis

While Congress removed the barriers to court process for indigents by enacting the *in forma pauperis* statute, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992). In response to this congressional concern, courts were specifically authorized to review and, where appropriate, to dismiss an *in forma pauperis* complaint "if the court determines . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, the court may conduct a *sua sponte* review of a complaint pursuant to this section and may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). However, if the defect in pleading may be cured by appropriate amendments, dismissal of the

2

complaint should be without prejudice to the plaintiff filing another complaint with valid allegations.

In reviewing a *pro se* complaint, the court is to apply the same legal standards applicable to pleadings drafted by counsel, but the court remains mindful that a *pro se* complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-1521 (10th Cir. 1992). It is with these standards in mind that the Court reviews Connelli's complaint.

Connelli seeks to bring this new lawsuit against his landlord, Gary Beene, who initiated an eviction or restitution proceeding against Connelli in state court, and against a state magistrate judge, Oscar Frietze, who issued a restitution order. Connelli's present federal lawsuit concerns allegations of deprivation of property without due process, and a request that the federal court issue an order restraining a state trial court from enforcing its writ of restitution.

This lawsuit is not new. Indeed, Connelli recently filed suit alleging the same claims against the same two defendants in Connelli v. Frietze and Beene, CIV 01-320 LH/LFG. In that lawsuit, as here, Connelli claimed that his landlord's actions to evict him from his residence constituted a violation of his civil rights in violation of 42 U.S.C. § 1983. Similarly, Connelli sought an order in that case restraining Judge Frietze from enforcing the writ of restitution which the judge previously issued.

Connelli's prior lawsuit against Beene and Judge Frietze was reviewed by Senior Judge Sam A. Crow. Judge Crow considered Connelli's complaint, and pursuant to 28 U.S.C. § 1915, conducted a *sua sponte* analysis. In a thoughtful and carefully crafted memorandum, Judge Crow determined that Connelli's complaint should be dismissed. He found that Connelli failed to state a claim under Fed. R. Civ. P. 12(b)(6) in that there was no showing that the landlord was a public official or acting under the color of state law. Thus, no claim could lie under 42 U.S.C. § 1983. Further, Judge Crow

found that the request for a federal court to review a state court proceeding and to enjoin an order issued by a state judge was prohibited under the Rooker-Feldman doctrine established in Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 150 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S. Ct. 1303, 1315 (1983). The Rooker-Feldman doctrine bars federal review of a state's civil judgments. A federal court, other than the United States Supreme Court, lacks jurisdiction to consider claims seeking review of state court proceedings and judgments.

Judge Crow correctly noted that the reach of the Rooker-Feldman doctrine is not limited to decisions from a state's highest court, Dubinka v. Judges of the Superior Court, 23 F.3d 218, 221 (9th Cir. 1994), nor does the application of the Rooker-Feldman doctrine depend on whether a state court decision is final or interlocutory. Gentner v. Shulman, 55 F.3d 87, 89 (2nd Cir. 1995). The doctrine precludes federal jurisdiction even when the state court's decision implicates federal constitutional issues, as here, or where the plaintiff brings his federal lawsuit under provisions of a federal civil rights statute. Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993).

Judge Crow also determined that even if the Court had jurisdiction to stay or set aside ongoing state litigation, the federal court would be compelled to abstain from exercising its authority under provisions of the Younger doctrine. Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971); see also Wood v. City of Hayward, 974 F.2d 1344 (Table, text in Westlaw), No. 91-15297, 1992 WL 209550 (9th Cir. Aug. 31, 1992); Chambers v. The Habitat Company, No. 99 C 2095, 1999 WL 259899 (N.D. Ill. Apr. 14, 1999). After giving careful consideration to Connelli's lawsuit, Judge Crow dismissed all of Connelli's claims.

A comparison between Connelli's prior lawsuit and the present lawsuit shows that the claims

4

are identical, as are the parties. Connelli was afforded a full and fair opportunity to plead his case. That case was dismissed, and the Court must similarly dismiss the present case.

Normally, dismissals pursuant to Fed. R. Civ. P. 12(b)(6) are without prejudice. Here, however, re-pleading this complaint would be futile. Connelli may simply not plead around the bar established by <u>Rooker v. Feldman</u>, nor will artful pleading convert a private landlord who files a petition for a writ of restitution in a state court into a public official acting under color of state law. Thus, the Court dismisses Connelli's lawsuit with prejudice.

                                                      _____
                                                      UNITED STATES DISTRICT JUDGE